### No. 143

PENNSYLVANIA CO. v. WEST PENN. RAILWAY CO.

No. 18334. Error to the Court of Appeals, Allen County

Published Exclusively in the Abstract.

Motion for order to certify record filed in Supreme Court, Jan. 23, 1924. 2 Abs. 98.

Action to collect a judgment commenced in the Common Pleas of Allen county, in which West Penn. Ry. Co. was plaintiff and Pennsylvania Co. and Wheeling Traction Co. were defendants.

The parties are herein referred to as plaintiff and defendant as they appear in the trial court.

In February, 1916, a locomotive belonging to the Penna. Co. and a street car belonging to the Traction Co. collided and several parties were injured.

Later some of these parties sued the two companies jointly and secured judgments against them. The West Penn. Co. paid these judgments, claiming that it was to their interset to do so, and this action was to collect from the judgment debtors.

The Common Pleas found for plaintiff. The Court of Appeals affirmed the Common Pleas.

Defendant claims error on the ground that the West Penn. Co. and the Traction Co. are one and the same and that, in view of the fact that the Traction Co. was never served in this action, the same is really a case of collusion and fraud to make the Penna. Co. pay the entire amount.

Also, that in view of the fact that the West Penn. Co. already has a judgment against the two defendants which it acquired by purchase, nothing can be gained by giving them another.

Attorneys—Wheeler & Bentley, Lima, for Pennsylvania Co.; W. H. Kinder, Findlay, for West Penn. Co.

### No. 144

L. V. FRITZ v. JACOB H. KREITZER, Executor, etc.

No. 18315. Error to the Court of Appeals, Preble County

Motion for order to certify record filed in Supreme Court, Jan. 15, 1924. 2 Abs. 67.

1271. WILLS.

45. ADVERSE POSSESSION.

Published Exclusively in the Abstract.

The above is an action originally brought

1. For the construction of a will;

2. To establish title in the decedent by adverse possession.

The Common Pleas found that a will, executed in 1851, under the statute then in force was revoked because of the birth of a child of testator after such execution of the will, said will not making any provision for such child.

The Court of Appeals found that it was not necessary to determine the question as to whether or not such will was revoked, but found title in the present decedent by adverse possession.

It is contended by Fritz that a provision was made for such child in the will executed in 1851, and further, that title by adverse possession was not established because there had been no evidence of any overt act indicating an assertion of ownership to the exclusion of co-tenants out of possession.

Attorneys—Stanley E. Mote, Greenville, for Fritz; Hugh Gilmore, Eaton, for Kreitzer.